## No. 860.

### TOWN OF SHREVEPORT VS. ANNIE M'CUNE AND CARRIE ADAMS.

The transcript of appeal from a fine imposed under an ordinance of a municipal cor-
poration must exhibit the ordinance, or certain admissions of its terms. An order

State *vs.* Mack.

of the chief of police directing the arrest of persons for doing certain acts mentioned, is not sufficient. That is simply his construction of an ordinance.

APPEAL from the Mayor's Court of Shreveport.

*Seay* for the Plaintiff.    *Hicks* for Defendants Appellants.

SPENCER, J.    The defendants were arrested on a charge that they being "known as lewd women were out on the street, before ten o'clock at night in violation of law."

They appeared by counsel and pleaded that the "ordinance or ordinances under which they are arrested are unconstitutional." There was judgment condemning them to pay each a fine of $5.00 or to be imprisoned twenty-four hours.    From that sentence, by the mayor's court of Shreveport, they appeal.

The ordinance or ordinances complained of we do not find in the record.    We find an "Order of Chief of Police," directing the arrest of lewd women, under certain circumstances and conditions stated by him.    But that may be simply his interpretation — his construction of the ordinances in question.    The ordinances may be perfectly legal, and his instructions under them illegal.

We cannot be expected to do so grave a thing as annul the police ordinances of a city as illegal, without having the ordinances themselves before us, or some formal admission as to what they are.    No such admission appears in the record, and no appearance has been made before us, by the city, either by oral argument or brief.

There is nothing before us that we can consider.

*Appeal dismissed.*